UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GE OIL & GAS, LLC** | **CASE NO. 6:19-CV-00054** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DALIS MORENO WAGUESPACK, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### ORDER

The present matter arises out of a longstanding attempt by Plaintiff GE Oil & Gas, LLC ("GEOG") to collect on a $25,000,000 loan it made to Turbine Generation Services, LLC ("TGS"), which was guaranteed by Michel B. Moreno ("Moreno").[1] According to the Complaint now before the Court, GEOG has obtained a Judgment from the State of New York against Moreno and TGS in the amount of $39,846,575.34. [ECF No. 1 at ¶ 1]. GEOG names the following persons and entities as Defendants to this suit:

1. Dalis Moreno Waguespack in her capacity as Trustee for five of the Defendant Trusts[2]

2. Jesus Moreno in his capacity as Trustee for two Defendant Trusts[3]

3. William W. Rucks, IV in his capacity as Trustee for two Defendant Trusts[4]

---

[1] *See e.g. GE Oil & Gas, Inc. v. Turbine Generation Services, LLC*, 6:14-00760, 2015 WL 588835 (W.D.La. Feb. 11, 2015); *GE Oil & Gas, LLC v. Turbine Generation Servs., LLC*, 18-CV-7555 (VEC), 2019 WL 2008575 (S.D.N.Y. May 7, 2019); *GE Oil & Gas, Inc. v. Turbine Generation Servs., L.L.C.*, 168 A.D.3d 563, 565 (N.Y. App. Div.2019).

[2] Specifically, Dalis Waguespack is named in her capacity as Trustee of MBM 2011 DOH GRAT, TCM 2011 DOH GRAT, MBM 2011 MGH GRAT, TCM 2011 MGH GRAT, and MBM Family Trust No. 1.

[3] Jesus Moreno is named in his capacity as Trustee for MBM 2008 Children's Trust No. 1 and TCM 2008 Children's Trust No. 1.

[4] William Rucks is named in his capacity as Trustee for Moreno Children's Trust and MBM Family Trust No. 1.

4. MBM 2011 DOH GRAT[5]

5. TCM 2011 DOH GRAT

6. MBM 2011 MGH GRAT

7. TCM 2011 MGH GRAT

8. Moreno Children's Trust

9. MBM 2008 Children's Trust No. 1

10. TCM 2008 Children's Trust No. 1, and

11. MBM Family Trust No. 1.

Defendants numbered 4 through 11, *supra*, are collectively referred to herein as the "Trust Defendants."

GEOG asserts the following causes of action against the foregoing Defendants:

1. <u>Declaratory Action – Piercing the Veil of the Trusts</u>: GEOG seeks a declaration that the Trust Defendants are solidarily liable with TGS and Moreno for all amounts pursuant to the Judgment of the State of New York.[6] In support, GEOG asserts the Court should pierce the veil of the trusts, arguing the Trust Defendants "are ultimately alter egos of Tiffany and Michel Moreno," and that "Moreno has used the Trust Defendants to commit fraud upon his judgment creditor, GEOG."[7]

2. <u>Simulation</u>: GEOG contends Moreno executed several promissory notes in favor of MOR DOH Holdings, LLC, which although Moreno purports these notes represent valid loans, "in reality, they were transfers of trust assets out of the trusts" which Moreno is not obligated to repay.[8] Accordingly, GEOG asserts it is entitled to invoke the nullity of these transfers and seize the cash proceeds of the simulated loans.

3. <u>Single Business Enterprise</u>: GEOG contends "the Trust Defendants and their assets should be deemed liable for the debts of Moreno to GEOG," because the Trust Defendants "are

---

[5] As set forth in the Complaint, a "GRAT" is a grantor-retained annuity trust.

[6] ECF No. 1 at 22.

[7] *Id.* at 20.

[8] *Id.* at 22-23.

  organized and controlled as to make them merely an instrumentality or adjunct of Moreno," thereby constituting a single business enterprise.[9]

4. <u>Prete Nom and Simulation</u>: GEOG asserts that "Moreno and his wife pretend to have settled distinct trusts, but continue to use the assets as if they were their own," thereby setting up the Trust Defendants as prête-noms, or strawmen, to "do [Moreno's] bidding."[10]

In its prayer for relief, GEOG asks the Court to "render GEOG's Judgment enforceable against the Trust Defendants and alternatively declare that the loans taken by Moreno from the Trusts [sic] Defendants were, in fact, simulations and that the proceeds of those loans are therefore subject to seizure." [ECF No. 1 at 25].

  GEOG asserts jurisdiction exists over this matter by way of diversity of citizenship.[11] "Proper jurisdiction for a federal court is fundamental and necessary before touching the substantive claims of a lawsuit." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012). District courts have an independent obligation to ensure they do not exceed the scope of their limited jurisdiction. *See e.g. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(h)(3)). Thus, district courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Arena* at 219 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

  District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity statute requires "complete

---

[9] *Id.* at 23-24.

[10] *Id.* at 24-25.

[11] *Id.* at 5.

diversity" of citizenship, meaning a "district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.2003). "[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461. Further, "[t]he inquiry into the existence of complete diversity requires considering the citizenship even of absent indispensable parties." *Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994); *see also Corfield* at 865 n.10 (Courts must consider the citizenship of non-parties "when a party already before the court is found to be a non-stake holder/agent suing only on behalf of another").

In this matter, GEOG has sued both the Trustees and the Trusts which the Trustees manage. "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro* at 464 (citing *Bullard v. Cisco*, 290 U.S. 179 (1933)). Here, GEOG has not alleged such power is vested in the Trustees, and thus, diversity jurisdiction has not been adequately pleaded.[12] Indeed, the Complaint appears to allege the Morenos, rather than the Trustees, are in control of the trust assets.[13]

As to the Trust Defendants, "when an artificial entity is sued in *its* name, it takes the citizenship of each of its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct.

---

[12] Typically, whether a trustee possesses such powers is resolved based upon the underlying trust document. *Navarro*, 46 U.S. at 464 (declaration of trust granted trustees real and substantial control over trust assets, as trustees had power to hold, manage and dispose of assets for the benefit of others); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (pooling and service agreement for trust granted trustee real and substantial control over trust's assets); *Piambino v. Bailey*, 610 F.2d 1306, 1322-33 (5th Cir. 1980).

[13] ECF No. 1 at 23-25.

1012, 1016 (2016); *see also Bynane* at 357-58 (5th Cir.2017); *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 938 (5th Cir.2018) (in *Americold*, "because the real estate investment *trust* was *sued in its own name*, the Supreme Court declined to apply the rule from *Navarro* that a federal court looks only at the trustee's citizenship"). Here, GEOG has not set forth the citizenship of each member of the trusts, nor provided a reason such citizenship need not be pleaded, and therefore it has failed to adequately plead facts supporting the Court's jurisdiction.

Finally, it appears from the Complaint that Michel and Tiffany Moreno potentially should be joined as parties to this litigation pursuant to Fed. R. Civ. P. 19.[14] If so, whether jurisdiction exists will require an examination of their citizenship as well.

In light of the foregoing,

IT IS ORDERED that this matter is REFERRED to the Magistrate Judge to set a briefing schedule and conduct a jurisdictional review.

IT IS FURTHER ORDERED that the Motion to Dismiss for Failure to State a Claim [ECF No. 9] is DENIED as premature, without prejudice to Defendants' right to re-urge the motion if it is ultimately determined that the Court has jurisdiction over this matter.

THUS DONE in Chambers on this 5th day of March, 2020.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[14] *See* ECF No. 1 at 8-9, ¶¶ 28-32; *id.* at 17-19, ¶¶ 50-61.